Case 2:09-cv-04682-PSG-PJW Document 42 Filed 11/10/2009 Page 1 of 17

**YOKA & SMITH, LLP**
**777 South Figueroa St., Suite 4200**
**Los Angeles, California 90017**
**Phone: (213) 427-2300**
**Fax:     (213) 427-2330**
dfmccann@yokasmith.com
WALTER M. YOKA, Bar #94536, ANTHONY F. LATIOLAIT, Bar # 132378;
DANIEL F. McCANN, Bar #185546
Attorneys for Defendant, THE GOODYEAR TIRE & RUBBER COMPANY

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 3 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DISTRICT

| | |
|---|---|
| P.A.D., a minor, by and through his Mother and Guardian Ad Litem, MARIA C. DIAZ; F.D.D., a minor, By and Through his Mother and Guardian Ad Litem, MARIA C. DIAZ; MARIA C. DIAZ, an individual; IRAHY SULEMA GUERRERO, an individual;<br><br>                    Plaintiffs,<br><br>     vs.<br><br>THE GOODYEAR TIRE AND RUBBER COMPANY, an Ohio corporation, and DOES 1 THROUGH 100, INCLUSIVE,<br><br>                    Defendants. | Case No.: CV09-04682 PSG (PJWx)<br><br>*Assigned to Judge Philip S. Gutierrez*<br>*Magistrate Judge Patrick J. Walsh*<br><br>**STIPULATED PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION PRODUCED BY THE GOODYEAR TIRE & RUBBER COMPANY; AND ORDER THEREON**<br><br>**DISCOVERY MATTER**<br><br>Note Court's Changes to ¶ 8. |

This matter is before the Court on the parties' Stipulation for a Protective Order. Being fully advised, the Court finds that The Goodyear Tire & Rubber Company ("Goodyear") may identify and produce documents and information that are proprietary and confidential. Further, discovery requests may be made calling for Goodyear to produce documents and information which is proprietary and

1

confidential. Additional requests for such proprietary and confidential information are likely to be made at depositions and other proceedings. It will facilitate discovery, without prejudice to any party, to enter the following Protective Order:

The following restrictions shall be observed as to the Confidential Documents and Information produced by Goodyear pursuant to this ORDER:

## I. Definitions

A. Information designated as "Confidential" or "Confidential Information" or "Confidential Material" shall be considered trade secret and fully protected by this ORDER. All portions of transcripts, depositions, exhibits, or other pleadings or filings in this action which contain or otherwise set forth documents, information, or other materials, or contents thereof, which have been previously designated as Confidential, shall likewise be subject to the terms of this ORDER.

B. "Communicate" (or variants of this verb) means to disclose, show, give, imply, list, describe, provide, make available, furnish or allow exposure of information in any fashion to any person, including without limitation any mailing, faxing, hand delivery, photograph, electronic, digital or any other duplication method.

C. "Copy" or "Copies" means reproductions made through any process, including but not limited to photocopying or photographic, any form of reproduction, manual recopying, microfilm, dictation, or mechanical, visual, digital or electronic duplication which in any way attempts to produce the substance, form, or intent of information;

D. "Document" or "Documents" includes all written, recorded, digital, electronic or graphic material, whether produced or created by a party or another person and whether produced pursuant to Rule 34, pursuanT to subpoena, by agreement or otherwise and includes both those items of a tangible nature and any computer files;

E. "Party" means any person or entity named in this litigation and any of their affiliated persons or entities;

F. "Person" means any natural person, or any legal or business entity, profit or nonprofit organizations, or any governmental agency;

2

124201.3

G.   For purposes of this ORDER, "conclusion of this litigation" means the execution of a settlement agreement or release disposing of all claims, entry of final judgment or the exhaustion of appeals or the expiration of time for appeals.

## II.   Restrictions

1.   Confidential Documents and the Information contained therein shall be used by the parties and those persons identified in Paragraph 2 only for the purpose of the prosecution or defense of this captioned action, and shall not be communicated in any manner to anyone other than those persons identified in Paragraph 2, without order of the Court after due notice to Goodyear.  Each and every Confidential document produced (including copies, excerpts, digests, summaries or indices thereof) by Goodyear shall be clearly marked and identified with the legend:

**CONFIDENTIAL**

**THIS DOCUMENT PRODUCED UNDER COURT ORDER FOR USE IN P.A.D., etc., et al. v. THE GOODYEAR TIRE AND RUBBER COMPANY, et al NO. CV09-04682 PSG (PJWx), AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER.**

In the event any party creates a computer database, disk, compact disk, drive, digital or other electronic record containing Confidential Documents or Information, the party creating such an electronic record shall mark the case or envelope containing the material with the language contained in Paragraph 1.  Documents printed from such electronic media shall be marked the same as documents originally produced on paper.

2.   Confidential Documents and Information shall not be given, shown, made available, discussed or otherwise communicated in any way except to a "Covered Person," defined as follows:

a.   The Court or Courts in which this litigation is being pursued;

b.   The party or a person employed by a corporate party who is

3

participating in the management of this litigation and the preparation of this case for trial;

c.    The attorneys of record for the parties and their associated attorneys, including the employees of any such attorneys to whom it is necessary that the material be shown for purposes of the litigation; and

d.    Independent professional engineers, accident reconstruction or other independent experts retained by a party or an attorney of record to assist in the preparation of this litigation.

e.    Deponents who may review confidential documents only during the course of their depositions. Unless the deponent is also a Covered Person as defined in paragraph 2(a), 2(b), 2(c) or 2(d) above, Confidential Documents shall not be furnished to a deponent before or after his or her deposition, and may not be retained by the deponent at the conclusion of the deposition.

3.    Before disclosing Confidential Documents or Information to any Covered Person who is a competitor or an employee of or consultant to a competitor of Goodyear, the party wishing to make disclosure shall give at least 10 days advance notice in writing to counsel for Goodyear, stating the name and address of the person to whom disclosure is intended and identifying the Confidential Information or Documents to be disclosed. If within the 10-day period Goodyear files a motion objecting to the disclosure, disclosure shall not be made until the Court rules upon the motion.

4.    No Confidential Documents shall be transmitted by email to a covered person, but shall only be transmitted on discs or other physical media.

5.    Deposition testimony relating to or discussing Goodyear's Confidential Information shall be protected under this ORDER and the entire transcript including such testimony shall be treated as confidential for a period of 30 days after the court reporter serves copies of the transcript on the parties. Within those 30 days, counsel for Goodyear shall serve on all counsel of record a designation of confidentiality that

4

identifies, by page, those pages to be marked with the Confidential legend of Paragraph 1. Thereafter any party opposing that designation has 30 days from the service of the designation to give written notice challenging the scope of the designation of confidentiality and the basis thereof. If the challenging party and Goodyear cannot resolve the dispute through a good faith effort to meet and confer, Goodyear will file a motion to maintain the disputed portions of the transcript as Confidential within a reasonable time after the parties have met and conferred. Pending a ruling of the Court, the challenged designation shall continue to be treated as Confidential under this ORDER. The transcripts of such deposition testimony shall be treated the same under this ORDER as other documents marked Confidential. The court reporter and videographer, if any, for any such deposition, shall be provided a copy of this ORDER by the party at whose instance the deposition is taken, shall acknowledge this ORDER on the record and shall not disclose to anyone other than those specified in paragraph 2 any deposition testimony or exhibit in this case.

6. Confidential Documents and Information shall not be given, shown, made available, discussed or otherwise communicated to anyone other than the attorneys of record for a party without first informing them of the contents of this ORDER. In the case of persons specified in 2(d) hereinabove, counsel shall obtain from such person a signed acknowledgment, in the form attached hereto as EXHIBIT A, that the person:

      a.    is familiar with the terms of this ORDER and agrees to comply with and be bound by them, and

      b.    submits to the jurisdiction of this Court for the purposes of enforcement of this ORDER.

Within twenty-one (21) days after the conclusion of this litigation counsel making any disclosures authorized under paragraph 2 shall serve upon counsel for Goodyear all original executed acknowledgements (Exhibit A) and a description of the

STIPULATED PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION PRODUCED
BY THE GOODYEAR TIRE & RUBBER COMPANY

124201.3

Confidential Documents and/or Information disclosed to each signer.   If Goodyear seeks the disclosure of an executed acknowledgement prior to the conclusion of this litigation, Goodyear may apply to the Court on a showing of good cause.

7.   Any party to this litigation may challenge a "Confidential" designation by providing written notice of the challenge and the legal basis thereof within 40 days of the receipt of the Confidential Document or Information.  If the challenging party and Goodyear cannot resolve the dispute through a good faith effort to meet and confer, Goodyear will file a motion to maintain the disputed portions of the Document or Information as Confidential within a reasonable time after the parties have met and conferred.  Pending a ruling of the Court, the challenged Document or Information shall continue to be treated as Confidential under this ORDER.

8.   All writings submitted to or filed with the Court in connection with any pre-trial proceedings which contain, set forth, summarize or otherwise disclose Confidential Documents or Information shall be filed under seal and such documents shall not be publicly available, except by further order of this Court.

9.   If any party or person that has obtained Confidential Documents or Information under the terms of this ORDER receives a subpoena or other legal process commanding the production of any such Confidential Documents or Information ("the subpoena"), such party or person shall promptly notify counsel for Goodyear of the service of the subpoena.   The party or person receiving the subpoena shall not produce any Confidential Document or Information in response to the subpoena without either the prior written consent of Goodyear, through its counsel or an order of a court of this Court.   However, Goodyear shall have the burden of seeking a court order relieving the subpoenaed party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed person or party shall be relieved of its obligations under this paragraph.

10.   The inadvertent production in the course of discovery in this action of any document or information (whether designated as Confidential or not) shall not

6

STIPULATED PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION PRODUCED
BY THE GOODYEAR TIRE & RUBBER COMPANY

124201.3

be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as Goodyear or person, promptly after discovery of the inadvertent production, notifies the other party or parties of the claim of privilege or other protection or immunity. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to and notify Goodyear or person that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protections or immunity.

11.     Within twenty-one (21) days after the conclusion of this litigation, unless the Court orders otherwise, Counsel for any party who received Confidential Documents or Information shall request from all persons to whom Confidential Documents and Information have been provided an affidavit in the form of Exhibit B hereto. The request shall include notification to the recipients that the litigation has concluded. The original executed copy of Exhibit B shall be served upon Goodyear's counsel.

12.     Within fourteen (14) days of receipt of notice of the conclusion of this litigation, each Covered Person under paragraph 2b and 2d of this ORDER shall:

    a.     return to counsel who supplied him or her with Confidential Documents, all Confidential Documents and all documentary materials reflecting Confidential Information which are in his/her possession, custody or control, and

    b.     return to counsel who supplied him or her with Confidential Documents, counsel an affidavit in the form of EXHIBIT B, attesting that he/she has returned all Confidential Documents and Information.

13.     Unless the Court orders otherwise, within sixty (60) days after the conclusion of this litigation, every counsel who has received the Confidential Documents or Information of Goodyear's shall:

STIPULATED PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION PRODUCED BY THE GOODYEAR TIRE & RUBBER COMPANY

124201.3

a. Return the original and all copies of the Confidential Documents provided by Goodyear which are in the possession, custody or control of such counsel; and

b. Either deliver to counsel for Goodyear all documentary materials reflecting information contained in or derived from Confidential Documents provided by Goodyear which are in the possession, custody or control of such counsel; OR

c. destroy such documentary materials, and notify counsel for Goodyear in writing that such action has been taken; and

d. serve upon Goodyear's counsel all original executed affidavits received; and

e. Inform counsel for Goodyear in writing of the identity of any Confidential Documents or Information contained in or derived from such documents, known to such counsel, which have *not* been returned and/or destroyed in the manner required by this ORDER, and the identity of any person who has failed to return each such Confidential Document and/or item of Confidential Information.

14. Nothing in this ORDER shall limit or otherwise affect:

a. the rights of any party to object to any further production or use at trial of Confidential Documents or the Information contained therein; or

b. the rights of any party to seek a more restrictive treatment of highly confidential information.

15. At the conclusion of this litigation, the Court shall retain jurisdiction in the case for enforcement of this ORDER.

16. By their signature upon the stipulation for the entry of this ORDER and their signatures below, counsel for the parties signify their understanding of this ORDER and their agreement to abide by its terms unless and until it is modified or superseded by further order of this Court. The attorneys of record are responsible

8

STIPULATED PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION PRODUCED BY THE GOODYEAR TIRE & RUBBER COMPANY

124201.3

for employing reasonable measures, consistent with this ORDER, to control duplication of, access to and distribution of copies of Confidential information and to collect or destroy all documents at the conclusion of this litigation.

Dated: Nov. 3, 2009

Dated: Nov. 9, 2009

Roger Braugh, Esq.
SICO, WHITE, HOELSCHER &
BRAUGH
Attorneys for Plaintiffs

Walter M. Yoka, Esq.
Anthony F. Latiolait, Esq.
Daniel F. McCann, Esq.
YOKA & SMITH, LLP
Attorneys for Defendant, The Goodyear
Tire & Rubber Company

**IT IS SO ORDERED:**

Dated: 11/13/09

Magistrate Judge

UNDER SEAL FILINGS
GOVERNED BY L.R. 79-5
P.J.W

9

**PROOF OF SERVICE**
1013A (3) CCP Revised 5/1/88

<u>P.A.D.,(DIAZ) v. GOODYEAR, et al.</u>
Case No.: CV09-04682 PSG (PJWx)

[GOOD.31926]

STATE OF CALIFORNIA, COUNTY OF <u>LOS ANGELES</u>

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 777 South Figueroa Street, Suite 4200, Los Angeles, California 90017.

    On November 10, 2009, I served the foregoing document(s) described as: STIPULATED PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION PRODUCED BY THE GOODYEAR TIRE & RUBBER COMPANY; AND ORDER THEREON on the interested party or parties in this action by placing　　[ ] the original and/or [XX] a true copy thereof, enclosed in a sealed envelope, and addressed as follows:

## SEE ATTACHED SERVICE LIST

[XX]　　(BY MAIL)  I deposited such envelope via U.S. Postal Service in Los Angeles, CA. The envelope was mailed with postage thereon fully prepaid.

[XX]　　(E-FILE)

[ ]　　(BY OVERNITE EXPRESS/FED EX)  By placing a true copy thereof enclosed in a sealed Overnite Express/FedEx envelope, on November 10, 2009, with such fees prepaid, deposited in an Overnite Express/Fed Ex depository at Los Angeles, CA in the ordinary course of business.

[ ]　　(BY PERSONAL SERVICE)  Such envelope was delivered personally and handed to the addressee(s) on _____.

[XX]　　(FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on November 10, 2009, at Los Angeles, California.

/s/ SALVADOR QUINTERO
Salvador Quintero

101332.1

1

# SERVICE LIST

2

**PROOF OF SERVICE**                    <u>P.A.D.,(DIAZ) v. GOODYEAR, et al.</u>

3

1013A (3) CCP Revised 5/1/88           Case No.:  CV09-04682 PSG (PJWx)

4

[GOOD.31926]

5

| | |
|---|---|
| Jane M. Braugh, Esq.<br>SICO, WHITE, HOELSCHER &<br>  BRAUGH L.L.P.<br>225 S. Lake Avenue, Suite 300<br>Pasadena, CA  91101<br>Tel.: (626) 432-5476<br>Fax: (626) 432-5477<br>**Attorney for Plaintiffs** | Roger S. Braugh, Jr., Esq.<br>SICO, WHITE, HOELSCHER &<br>  BRAUGH L.L.P.<br>900 Frost Bank Plaza<br>802 N. Carancahua<br>Corpus Christi, TX 78470<br>Tel:  (361) 653-3300<br>Fax:  (361) 653-3333<br>**Attorneys for Plaintiffs** |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

101332.1

1  **YOKA & SMITH, LLP**
2  **777 South Figueroa St., Suite 4200**
   **Los Angeles, California 90017**
3  **Phone: (213) 427-2300**
4  **Fax:     (213) 427-2330**
   dfmccann@yokasmith.com
5  WALTER M. YOKA, Bar #94536, ANTHONY F. LATIOLAIT, Bar # 132378;
6  DANIEL F. McCANN, Bar #185546
   Attorneys for Defendant, THE GOODYEAR TIRE & RUBBER COMPANY
7

8              **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DISTRICT**

10

11  P.A.D., a minor, by and through his      ) Case No.: CV09-04682 PSG (PJWx)
12  Mother and Guardian Ad Litem,            )
    MARIA C. DIAZ; F.D.D., a minor, By       ) *Assigned to Judge Philip S. Gutierrez*
13  and Through his Mother and Guardian      )
    Ad Litem, MARIA C. DIAZ; MARIA          ) **EXHIBIT A TO PROTECTIVE ORDER**
14  C. DIAZ, an individual; IRAHY            )
15  SULEMA GUERRERO, an individual;          )
16                    Plaintiffs,            )
17                                           )
    vs.                                      )
18                                           )
19  THE GOODYEAR TIRE AND                    )
20  RUBBER COMPANY, an Ohio                  )
    corporation, and DOES 1 THROUGH          )
21  100, INCLUSIVE,                          )
22                    Defendants.            )
23  _____ )

24        The undersigned states subject to the penalties for perjury:

25        1.      I have been retained by a party to this litigation or by a party's counsel

26  of record to offer analysis or advice, either as an expert witness or a consultant.

27        2.      I have been furnished a copy of the Protective Order entered in this case

28  restricting the use of Confidential information.

<hr>

                                  10
STIPULATED PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION PRODUCED
             BY THE GOODYEAR TIRE & RUBBER COMPANY
124201.3

3.    I promise to abide by the Protective Order with respect to Confidential documents and information furnished to me in this litigation.

4.    As a condition to receipt of documents marked Confidential in this litigation, I consent to personal jurisdiction over me in the U.S. District Court, Central District of California, solely for the purpose of enforcing the Protective Order.

Signed: _____

_____
Print Name

Signed this ____ day of _____, 200__.

_____
Address

_____
City, state, zip

11

STIPULATED PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION PRODUCED BY THE GOODYEAR TIRE & RUBBER COMPANY

124201.3

**YOKA & SMITH, LLP**
1
**777 South Figueroa St., Suite 4200**
2
**Los Angeles, California 90017**
3 **Phone: (213) 427-2300**
4 **Fax: (213) 427-2330**
dfmccann@yokasmith.com
5 WALTER M. YOKA, Bar #94536, ANTHONY F. LATIOLAIT, Bar # 132378;
6 DANIEL F. McCANN, Bar #185546
Attorneys for Defendant, THE GOODYEAR TIRE & RUBBER COMPANY
7

8 ## UNITED STATES DISTRICT COURT

9 ## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DISTRICT

10

| | |
|---|---|
| 11   P.A.D., a minor, by and through his | Case No.: CV09-04682 PSG (PJWx) |
| 12   Mother and Guardian Ad Litem, MARIA C. DIAZ; F.D.D., a minor, By | *Assigned to Judge Philip S. Gutierrez* |
| 13   and Through his Mother and Guardian | **EXHIBIT B TO PROTECTIVE ORDER** |
| 14   Ad Litem, MARIA C. DIAZ; MARIA C. DIAZ, an individual; IRAHY | |
| 15   SULEMA GUERRERO, an individual; | |
| 16               Plaintiffs, | |
| 17 | |
| 18   vs. | |
| 19   THE GOODYEAR TIRE AND | |
| 20   RUBBER COMPANY, an Ohio corporation, and DOES 1 THROUGH | |
| 21   100, INCLUSIVE, | |
| 22               Defendants. | |
| 23 | |

24       The undersigned states subject to the penalties for perjury:

25       1.     I was retained by a party to this litigation or by a party's counsel of

26 record to offer analysis or advice, either as an expert witness or a consultant.

27       2.     I have been furnished a copy of the Protective Order entered in this case

28 restricting the use of confidential information.

12

---

STIPULATED PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION PRODUCED
BY THE GOODYEAR TIRE & RUBBER COMPANY

124201.3

1  **YOKA & SMITH, LLP**
2  **777 South Figueroa St., Suite 4200**
   **Los Angeles, California 90017**
3  **Phone:  (213) 427-2300**
4  **Fax:      (213) 427-2330**
   dfmccann@yokasmith.com
5  WALTER M. YOKA, Bar #94536, ANTHONY F. LATIOLAIT, Bar # 132378;
6  DANIEL F. McCANN, Bar #185546
   Attorneys for Defendant, THE GOODYEAR TIRE & RUBBER COMPANY
7

8              **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DISTRICT**

10

11  P.A.D., a minor, by and through his          )  Case No.:  CV09-04682 PSG (PJWx)
    Mother and Guardian Ad Litem,                )
12  MARIA C. DIAZ; F.D.D., a minor, By           )  *Assigned to Judge Philip S. Gutierrez*
    and Through his Mother and Guardian          )  ***Magistrate Judge Patrick J. Walsh***
13  Ad Litem, MARIA C. DIAZ; MARIA               )
14  C. DIAZ, an individual; IRAHY                )
    SULEMA GUERRERO, an individual;              )  **[PROPOSED] ORDER RE**
15                                               )  **AGREED PROTECTIVE ORDER**
16                              Plaintiffs,       )
                                                 )  **DISCOVERY MATTER**
17      vs.                                      )
                                                 )
18  THE GOODYEAR TIRE AND                        )
19  RUBBER COMPANY, an Ohio                      )
    corporation, and DOES 1 THROUGH              )
20  100, INCLUSIVE,                              )
21                              Defendants.       )
22  _____            )

23      GOOD CAUSE APPEARING THEREFOR, it is hereby ORDERED that the

24  terms and conditions set forth in this Stipulated Protective Order shall govern claims

25  of confidentiality and the production and handling of confidential materials and

26  information in this action.

27  DATED:  _____      _____

28                               United States Magistrate Judge

135265.1

# Stipulation

2:09-cv-04682-PSG-PJW P.A.D. et al v. The Goodyear Tire and Rubber Company et al
(PJWx), DISCOVERY, RELATED-G

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by McCann, Daniel on 11/10/2009 at 9:00 PM PST and filed on 11/10/2009
**Case Name:** P.A.D. et al v. The Goodyear Tire and Rubber Company et al
**Case Number:** 2:09-cv-4682
**Filer:** The Goodyear Tire and Rubber Company
**Document Number:** 42

**Docket Text:**
**STIPULATION for Protective Order filed by Defendant The Goodyear Tire and Rubber Company.
(Attachments: # (1) Exhibit A, # (2) Exhibit B, # (3) Proposed Order)(McCann, Daniel)**

**2:09-cv-4682 Notice has been electronically mailed to:**

Daniel F McCann    dfmccann@yokasmith.com

Jane Margaret Braugh    jbraugh@swbtrial.com

Roger S Braugh , Jr    rbraugh@swbtrial.com

**2:09-cv-4682 Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\PAD Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/10/2009] [FileNumber=8754933-0
] [630b577afc3199b99f6cfc67d962a4cae2a02c474c4810b2acc7118ab6cb2b19334
dbef314addfdd7105c6c0bd477cd14abe7ef0525f7f447575ff9c264b363d]]
**Document description:** Exhibit A
**Original filename:** C:\fakepath\Exh. A to PAD Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/10/2009] [FileNumber=8754933-1
] [9e4e8a6bcc7a6e912c46d1d73a92147b60adce2879bf75d4474c3cf39a69356bb2b
a9d41c60950141b92d89e324e8bf9d943f08bade8ffb8c1a647b5e31f4d49]]
**Document description:** Exhibit B

**Original filename:**C:\fakepath\Exh. B to PAD Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/10/2009] [FileNumber=8754933-2
] [946c11fa324d44a0aae4d767ad888bea2cb904f442e226fda68857f8b2eeb0022d3
9d73388e0d6c01673362690ebee0ccf0d7154c87234843addb3c8c59ac643]]
**Document description:**Proposed Order
**Original filename:**C:\fakepath\PAD Proposed Order re Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/10/2009] [FileNumber=8754933-3
] [2d15aa3945cb76bfcfc2e5ae94a458c3c783fce6737672107d8656e38fe908ae7b3
d3f299d06eecff24bb080a4aa9f3ddb224e0334ac90d9a7d15638d8a85430]]